UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 20-11348 |
| | ) | |
| JONATHON SAMUEL ETHAN SAWYER And AMELIA LINK ZATIK, | ) ) | Chapter 7 |
| | ) | Judge Jessica E. Price Smith |
| Debtor. | ) ) ) | |

**MOTION FOR RELIEF FROM STAY**

Movant Promenade Delaware LLC ("Promenade"), hereby moves this Court, under Bankruptcy Code 361, 362, and under Federal Rule of Bankruptcy Procedure 4001, for entry of an order granting Promenade relief from a stay imposed by the State Court, in an action that Promenade has against Team Sawyer, LLC and GPF IV, LLC DBA Noodlecat and (collectively "Team Sawyer"), which are not debtors in this bankruptcy case. **As the local forms (including the Worksheet) do not address the circumstances described below, this Motion deviates from the local forms in use by the Court.**

**FACTS**

1.  The Debtors are members of Team Sawyer which entered into a commercial lease ("Lease") with Promenade on June 9, 2016 to lease certain premises in Promenade Shopping Center. A copy of the lease and other relevant facts regarding the non-debtors are contained in the suit that Promenade filed against Team Sawyer in the Cuyahoga County Court of Common Pleas which is attached as <u>Exhibit A</u> to this Motion. The Debtors are not named defendants in the Cuyahoga County lawsuit.

2.  On or about March 6, 2020, the Debtors filed their petition for Chapter 7

bankruptcy in this Court. On March 10, 2020, counsel for the Debtors filed a Notice of Stay Due to Bankruptcy ("Notice") in the Cuyahoga County lawsuit citing the Debtor's present bankruptcy case pending in this Court as the reason for the stay. A true and accurate copy of the Notice is attached hereto as <u>Exhibit B</u> to this Motion.

3. On March 12, 2020, the Judge in the Cuyahoga County case stayed that case and removed the case from the active docket. A true and accurate copy of the judgment entry is attached hereto as <u>Exhibit C</u>.

## LAW AND ARGUMENT

**I. This Court is the proper forum to provide relief from the automatic stay.**

4. While a non-bankruptcy court cannot be precluded from determining whether a matter pending before it is stayed by a party's bankruptcy filing, "the legislative history of § 362(d) **unambiguously identifies the bankruptcy court as the exclusive authority to grant relief from [a] stay**." *Singleton v. Fifth Third Bank (In re Singleton)*, 230 B.R. 533, 538-39 (Bankr. 6th Cir. 1999) (quoting *Cathey v. Johns-Manville Sales Corp.*, 711 F.2d 60, 62 (6th Cir. 1983)) (emphasis added). Nevertheless, the Debtors might argue that the state court is the proper forum to grant relief because of the *Rooker-Feldman* Doctrine. But, the *Rooker-Feldman* Doctrine cannot preclude this Court from lifting the stay since Promenade did not address the Notice in State Court, but rather "chose its forum" by properly requesting that this Court provide relief from the automatic stay. *See e.g. Id.* at 539 (a party opposing a state court's determination on the applicability of a stay must "chose his forum" in either state court or bankruptcy court, but cannot seek relief in both).

**II. The automatic stay imposed by Bankruptcy Code §362 does not encompass claims against Team Sawyer**

5. Here, the Debtors' automatic stay does not extend to Team Sawyer. The debt

owing to Promenade in the Cuyahoga County case is business debt from non-debtor corporate entities. Attempts to stay litigation that does not seek claims against the individual debtors can only be viewed as an attempt to reverse pierce the corporate veil. Where the Debtors chose to protect their personal assets from business creditors by creating limited liability companies – they cannot attempt to claim that their personal filings protect their businesses. Therefore, the automatic stay imposed by Bankruptcy Code 362(d) does not encompass Team Sawyer.

## CONCLUSION

Team Sawyer owes Promenade at least $647,288.02. No other parties have an interest in the Cuyahoga County lawsuit besides Promenade and Team Sawyer. Thus, Promenade is entitled to relief from the automatic stay under Bankruptcy Code 362(d) because Team Sawyer are not parties to this case and not entitled to the benefit of the automatic stay.

Therefore, Promenade requests that the Court grant it relief from the automatic stay of Bankruptcy Code §362 to permit Promenade to proceed with its action against Team Sawyer in State Court.

Respectfully submitted,

*/s/ David M. Neumann*
David Neumann (0068747)
MEYERS, ROMAN, FRIEDBERG & LEWIS
28601 Chagrin Boulevard, Suite 600
Cleveland, Ohio 44122
(216) 831-0042   Fax: (216) 831-0542
Email: dneumann@meyersroman.com

*Attorneys for Movant,*
*Promenade Delaware, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served this 16TH day of April, 2020 via the Court's electronic filing system upon the following:

- Douglas M. Eppler    deppler@walterhav.com
- Richard H. Nemeth    rnemeth@ohbklaw.com, blfecf@gmail.com;mail@ohbklaw.com;nemethrr81897@notify.bestcase.com
- Kirk W. Roessler    kroessler@walterhav.com, kballa@walterhav.com;slasalvia@walterhav.com;deppler@walterhav.com
- United States Trustee    (Registered address)@usdoj.gov
- Waldemar J. Wojcik    wwojcik@wojciklpa.com, wwojcik@ecf.axosfs.com

Via regular U.S. Mail:

Mercedes-Benz Financial Services USA LLC
c/o BK Servicing, LLC
PO Box 131265
Roseville, MN 55113

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541

*/s/ David M. Neumann*
Counsel for Promenade Delaware, LLC